UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADRIAN SANTOS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-273 |
| | ) |
| COUNTY OF LAKE, INDIANA, and | ) |
| JOHN BUNCICH, individually and in his | ) |
| capacity as Sheriff of Lake County, Indiana, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File Second Amended Complaint [DE 20] filed by the plaintiff, Adrian Santos III, on August 31, 2017. For the following reasons, the motion is **GRANTED.**

*Background*

On June 28, 2017, the plaintiff, Adrian Santos III, filed a Complaint [DE 1] against the defendants, John Buncich, Lake County Sheriff, and Lake County, Indiana. Buncich filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 11] on August 3, 2017. Santos, in response, filed an Amended Complaint [DE 14] pursuant to Fed. R. Civ. P. 15(a)(1) on August 8, 2017. District Court Judge Rudy Lozano denied Buncich's motion to dismiss as moot based on the amended complaint superseding the original complaint.

The defendants filed Motions to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 16, 18], on August 22, 2017 and August 28, 2017, respectively. In response, Santos has requested leave to file a second amended complaint. The court, as requested by the

parties, has stayed the briefing schedule and ruling on the defendants' motions to dismiss until the court rules on the pending motion.

In the proposed second amended complaint, Santos has alleged claims based on the ADA, 42 U.S.C. § 12112(b)(4), the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), et seq., and 42 U.S.C. § 1983, to enforce the First and Fourteenth Amendments of the U.S. Constitution. Santos has indicated that the proposed second amended complaint names the Lake County Sheriff's Department as a defendant, clarifies the Sheriff's formal authority to dismiss county police officers after Merit Board action, expands the allegations related to the role of the County, adds the fact that Buncich was convicted in federal court, and adds the fact that the Merit Board met a second time to address punishment.

Santos has requested leave to file a second amended complaint to address issues that were raised in the defendants' motions to dismiss and to address the fact that Buncich no longer is the Sheriff of Lake County. Buncich has objected to the motion, while Lake County has not filed an objection.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. ***Winters v. Fru–Con, Inc.***, 498 F.3d 734, 741 (7th Cir. 2007) (quoting ***Butts v. Aurora Health Care, Inc.***,

387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

Buncich has argued that the proposed second amended complaint fails to cure the same deficiencies found in the amended complaint. Buncich further has asserted that seeking an amendment to indicate that he no longer is sheriff is not an adequate reason to file a second amended complaint. An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. **Federal Rule of Civil Procedure 25(d).** The officer's successor automatically is substituted as a party. **Federal Rule of Civil Procedure 25(d).**

Next, Buncich has argued that the proposed second amended complaint adds additional deficiencies and causes undue delay. The proposed second amended complaint adds the Lake County Sheriff's Department as a defendant, while also asserting a claim against Buncich in his official capacity as the Sheriff of Lake County. Therefore, he has argued that a suit against him, a public employee, in his official capacity is a suit against the government entity, Lake County Sheriff's Department, and therefore is duplicative.

Santos has indicated that while the motion requests leave to file a second amended complaint, this is the first amendment aimed at Lake County's motion to dismiss that was filed

3

on August 28, 2017. The deadline to respond to Buncich's first motion to dismiss expired before Lake County's answer or motion to dismiss was due. Lake County has not objected to Santos' motion to file a second amended complaint. Further, Santos has indicated that the Lake County Sheriff's Department was added as a defendant to help resolve an issue presented in Lake County's motion to dismiss.

Buncich has claimed that the filing of the second amended complaint would cause undue delay. Undue delay alone, however, is not a sufficient basis for denying leave to amend. ***Dubicz v. Commonwealth Edison Co.,*** 377 F.3d 787, 793 (7th Cir. 2004). Rather, to support denial, such delay must be coupled with another reason—most commonly unfair prejudice, but also bad faith, a dilatory motive, or when the proposed amendment would be futile. ***Dubicz,*** 377 F.3d at 793; *see also* ***Conyers v. Abitz,*** 416 F.3d 580, 586 (7th Cir. 2005).

In determining whether undue delay has occurred, courts consider the similarity of the factual basis for the claims in the original complaint to the proposed new claims, the plaintiff's explanation for waiting to raise the new claims, whether the plaintiff is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts. ***Bethany Pharmacal Co., Inc. v. QVC, Inc.,*** 241 F.3d 854, 861 (7th Cir. 2001); ***Johnson v. Methodist Med. Ctr. of Ill.,*** 10 F.3d 1300, 1304 (7th Cir. 1993); ***Murphy v. White Hen Pantry Co.,*** 691 F.2d 350, 353 (7th Cir. 1982).

The original complaint in this matter was filed on June 28, 2017. Based on the short period of time between the filing of the original complaint and now, the court does not find undue delay, and the argument of undue delay on its own does not warrant denial of this motion. Further, the Rule 16 Preliminary Pretrial Conference has not been held. As indicated by Santos, the second amended complaint is his first attempt at resolving the deficiencies raised by Lake

County's motion to dismiss. Therefore, denying Santos' motion would conflict with the liberal interpretation and application of Federal Rule of Civil Procedure 15.

Based on the foregoing reasons, the Motion for Leave to File Second Amended Complaint [DE 20] is **GRANTED.** Santos is **ORDERED** to file the Second Amended Complaint as a separate docket entry within seven days of this order.

ENTERED this 1st day of November, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge