UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADRIAN SANTOS III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-273 |
| | ) |
| COUNTY OF LAKE, INDIANA; | ) |
| LAKE COUNTY SHERIFF'S | ) |
| DEPARTMENT; and OSCAR MARTINEZ, | ) |
| in his official capacity as Sheriff of Lake | ) |
| County; and JOHN BUNCICH, individually, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Strike Additions to Plaintiff's Deposition Testimony Improperly Made by Errata Sheet [DE 59] filed by the defendants, Lake County Sheriff's Department and Oscar Martinez, on September 6, 2018. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Adrian Santos III, initiated this matter against the defendants on June 28, 2017. Santos has alleged violations of Title I of the ADA, 42 U.S.C. § 12100, *et seq.*, the Rehabilitation Act, 29 U.S.C. § 794(a), and the First and Fourteenth Amendments of the U.S. Constitution.

On May 30, 2018, the defendants conducted the sworn deposition of Santos. The testimony given by Santos was transcribed by an official court reporter. After reviewing the deposition transcript, Santos completed and signed an errata sheet. The defendants have argued that Santos improperly changed his testimony by adding words that were not part of his original

testimony.  Therefore, the defendants seek to strike the additional words that Santos submitted on the errata sheet.  Santos filed a response in opposition on September 18, 2018, and the defendants did not file a reply.

*Discussion*

**Federal Rule of Civil Procedure 30(e)(1)** provides that a "deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:  (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."  A "change of substance which actually contradicts the transcript, [however,] is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not .'" ***Thorn v. Sundstrand Aerospace Corp.,*** 207 F.3d 383, 389 (7th Cir. 2000).

The court, having reviewed the errata sheet, finds that the proposed changes offer clarification of Santos's testimony.  Therefore, Santos's proposed changes neither directly contradict nor improperly change his original testimony.  Since **Rule 30(e)** permits changes "in form and substance" the court will not strike the additional words submitted on the errata sheet.  However, **Rule 30(e)** requires that Santos's original transcript be retained so that the trier of fact can evaluate the honesty of the alteration.  ***Thorn,*** 207 F.3d at 389.

Based on the foregoing reasons, the Motion to Strike Additions to Plaintiff's Deposition Testimony Improperly Made by Errata Sheet [DE 59] is **DENIED.**

ENTERED this 30th day of October, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge