UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADRIAN SANTOS, III, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 2:17-cv-273 |
| COUNTY OF LAKE, INDIANA, JOHN BUNCICH, individually, LAKE COUNTY SHERRIFF'S DEPARTMENT, | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Joint Motion for Summary Judgment [DE 89] filed by the defendants, County of Lake, Indiana, John Buncich, individually, and Lake County Sherriff's Department, on January 29, 2021.  For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Adrian Santos, III, initiated this matter on June 28, 2017 against the defendants, County of Lake, Indiana (County), John Buncich, individually, and Lake County Sherriff's Department (Sherriff's Department), under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), et seq., and the First and Fourteenth Amendments to the United States Constitution.  He has alleged that the defendants discriminated against him on the basis of his political association and his association with his disabled son.

On May 29, 2014, Santos, then a Lake County police officer, was arrested and charged with misdemeanor domestic battery and felony strangulation based on an incident involving him and his wife. The charges later were dismissed. Shortly after Santos' arrest, Buncich, then

Sherriff of Lake County, charged Santos with four counts of violating the Sheriff's Merit Board Rules and put Santos on administrative leave, with pay.

On April 20, 2015, Santos was stopped by an Indiana State Police officer who issued two traffic citations for speeding and failure to signal lane changes, and a warning for improper window tinting. Those traffic citations also were dismissed. Additional disciplinary charges with the Merit Board were filed against Santos for the events that occurred on April 20, 2015.

On June 18, 2015, the Merit Board held an evidentiary hearing regarding the charges against Santos. On July 16, 2015, the Merit Board found Santos guilty of two of the eight charges. On July 21, 2015, the Merit Board met and heard additional evidence related to the punishment of Santos. On August 12, 2015, the Merit Board issued its written Findings of Fact and Conclusions of Law for Punishment Decision and terminated Santos' employment from the Sheriff's Department.

On September 8, 2015, Santos filed a Verified Complaint for Judicial Review with the Lake County Superior Court, under I.C. 36-8-10-11(e), naming the County as the sole defendant. Santos included the following claims: denial of a hearing before an impartial finder of fact, finding of liability based on insufficient evidence, improper exclusion of evidence, and the determination decision was arbitrary and capricious. On June 20, 2017, the state court affirmed the Merit Board's conviction and termination of Santos.

Thereafter, Santos filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination and retaliation in violation of the ADA. The EEOC issued a "Dismissal and Notice of Rights" on April 6, 2017. On June 28, 2017, Santos initiated the instant matter. In support of his claims of discrimination by the defendants, Santos alleges that disciplinary decisions and recommendations made by Buncich

were based on factors other than the merits, including his political support of Buncich's opponent in the 2014 democratic election and his disabled son.  Santos claims that this is relevant because as sheriff, Buncich appoints three of the five Merit Board members, all of whom tend to vote on disciplinary matters in accordance with Buncich's recommendation.

Santos contends that while on administrative leave in November of 2014, his son was diagnosed with stage-four brain cancer, with less than five years to live. Santos informed Buncich of his son's condition and that he may need to take time off to care for his son. Santos claims that Buncich said "let's await the outcome of the Merit Board proceedings against you and go from there." Additionally, Santos claims that prior to his son's death on June 1, 2016, he incurred medical expenses of approximately $1,000,000.00, some of which were paid by the County through its self-funded medical benefit for employees.  Finally, Santos alleges that he publicly supported one of Buncich's opponents prior to the May 2014 democratic election. Based on that, Santos claims that Buncich recommended to the Merit Board that Santos be terminated.

The defendants have moved for summary judgment on all claims, arguing that this action is barred by the doctrine of *res judicata*. Santos filed a response in opposition on February 19, 2021.  The defendants filed a reply on March 15, 2021.

*Discussion*

**Federal Rule of Civil Procedure 8(c)(1)** states "[i]n response to a pleading, a party must affirmatively state any avoidance or affirmative defense, including … res judicata." **See Barr v. Board of Trustees of Western Ill. Univ.**, 796 F.3d 837, 840 (7th Cir. 2015) (citing **Allen v. McCurry**, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgement on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been

raised in that action"). If a party fails to state an affirmative defense in response to a pleading, the defense "is waived when it has been knowingly and intelligently relinquished and forfeited." **Burton v. Ghosh**, 961 F.3d 960, 965 (7th Cir. 2020).  It should be noted that an affirmative defense is not waived if the defendant "could not have reasonably known the availability of an affirmative defense at the time of the answer." 961 F.3d at 965.  But even if the defendant could have reasonably known the availability of an affirmative defense, courts have the discretion to "allow a late affirmative defense if the plaintiff does not suffer prejudice from the delay." 961 F.3d at 966 (citing **Global Technology & Trading, Inc. v. Tech Mahindra Ltd.**, 789 F.3d 730, 732 (7th Cir. 2015).  However, that discretion only becomes relevant "when the defense is asserted later than it should have been." 961 F.3d at 966.

When considering whether a party has been prejudiced by the failure to timely raise an affirmative defense, whether the defense will succeed on the merits is not the correct inquiry. **Burton**, 961 F.3d at 966.  Rather, unfair prejudice "mean[s] that the late assertion of the defense causes some unfairness independent of the potential merits of the defense." 961 F.3d at 966; *see* **Reed v. Columbia St. Mary's Hospital**, 915 F.3d 473, 482 (7th Cir. 2019) (finding that the district court abused its discretion when it considered an affirmative defense after the defendant "offered no excuse or explanation for failing to plead the defense in its answers or for raising the defense so late"); **Tricarico v. Marion General Hospital Inc.**, 2020 WL 6375686, at *2 (N.D. Ind. Oct. 30, 2020) (finding that the defendant established good cause for untimely raising an affirmative defense because at the time of filing its answer, the evidence was not reasonably available and once it was, the defendant alerted the court immediately).

As stated above, the defendants argue that they are entitled to summary judgment based on the doctrine of *res judicata*.  Specifically, the defendants maintain that the instant lawsuit is

barred by the Lake County court's judgment as it was rendered on the merits by a court of competent jurisdiction, the pending claims could have been determined in that case, and parties, or their privies, are the same in the pending matter as those in the state case. Santos argues that the defendants have waived their *res judicata* argument by failing to raise it in a timely manner. The defendants maintain that the court has discretion to permit the litigation of the affirmative defense at this point in the proceeding.

Santos filed his complaint against the defendants on June 28, 2017. On August 3, 2017, Buncich filed a motion to dismiss, which was denied as moot on August 30, 2017. Santos filed his first amended complaint on August 9, 2017. On August 22, 2017, Buncich a motion to dismiss the amended complaint, and on August 28, 2017, the County filed a motion to dismiss as well. Both motions were denied as moot. On November 3, 2017, the court granted Santos leave to file his second amended complaint. On November 17, 2017, the County filed a motion to dismiss the second amended complaint, and on January 3, 2018, Buncich and the Sheriff's Department filed their joint motion to dismiss the second amended complaint. Both motions were denied insofar as the three remaining defendants. The issue of *res judicata* was not mentioned in any of the five motions to dismiss. Additionally, only Buncich has filed an answer. In his answer, filed on June 23, 2020, he raised the affirmative defense of *Res Judicata*.

The defendants only justification as to why it took them nearly three and a half years to raise the affirmative defense of *res judicata* is that documents related to the Sheriff's Merit Board proceedings were exchanged during attorney communications that took place on September 22, 2020. As to whether Santos was prejudiced by this delay, the defendants argue that they informed him of their intention to pursue the issue of *res judicata* before the court by written correspondence dated September 30, 2020. Therefore, they maintain that Santos had 150

5

days within which to formulate a response to their *res judicata* contentions. Lastly, the defendants argue that an agreed stay of proceedings was granted by this court on October 26, 2020, in which the parties agreed to stay discovery in order to allow litigation of the res judicata defense.

In response, Santos argues that while he did agree to stay existing discovery deadlines, he did not agree that the defense had merit, nor did he agree that it had been raised in a timely manner. As a result, Santos contends that the defendants have provided no reason for the lengthy delay, and this court agrees.

As an initial matter, there is no question that the defendants had notice of the state lawsuit prior to filing of this federal lawsuit. There has been no change in parties to this lawsuit since its inception, with the exception of the dismissal of Lake County Sheriff Oscar Martinez on June 1, 2020. As support for untimely raising the *res judicata* defense, the defendants maintain they did not receive the Merit Board transcripts until September 30, 2020. The County was the defendant in the state case and therefore had notice of the outcome of the state case since the onset of this suit. Additionally, the Sheriff's Department and Buncich certainly had notice of the Merit Board proceedings as they both had central roles in it. Not to mention, Buncich and the Sheriff's Department had common attorneys throughout this case.

The defendants only other "justification" for belatedly raising *res judicata* is that Santos had 150 days' notice that the defendants were going to file a summary judgment motion. This advance notice does not justify the fact that the defendants waited three and a half years to do it, and when they did, gave no valid reason for the delay. Courts "must not countenance attempts to invoke [affirmative] defenses at the eleventh hour, without excuse and without adequate notice to

the plaintiff." **Reed**, 915 F.3d at 482.  Therefore, the defendants have waived their right to raise the affirmative defense of *res judicata*.

Because this issue has been waived, it is not necessary to address the merits of the *res judicata* defense.

Based on the foregoing reasons, the Motion for Summary Judgment [DE 89] is **DENIED**.

ENTERED this 25th day of March, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge